THE NORTH CAROLINA PRESS ASSOCIATION, INC., AND THE NEWS AND OBSERVER PUBLISHING COMPANY, D/B/A THE NEWS AND OBSERVER AND THE RALEIGH TIMES v. C. D. SPANGLER, JR., PRESIDENT OF THE UNIVERSITY OF NORTH CAROLINA AND ARTHUR PADILLA, ASSOCIATE VICE PRESIDENT FOR ACADEMIC AFFAIRS OF THE UNIVERSITY OF NORTH CAROLINA

No. 8710SC105

(Filed 15 September 1987)

**Appeal and Error § 9— moot questions**

Questions as to whether reports from various chancellors of universities within the U.N.C. system with regard to intercollegiate athletics at their schools were public records under N.C.G.S. § 132-1 and subject to disclosure were rendered moot by appellants' public disclosure of the reports.

APPEAL by defendants from *McLelland, Judge.* Judgment entered 6 November 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 26 August 1987.

Plaintiff-appellees sought an order compelling disclosure of certain reports pursuant to G.S. sec. 132-9. The reports were from the chancellors of several universities within the University of North Carolina system. Defendant-appellant President C. D. Spangler, Jr., acting pursuant to instructions from the Board of Governors of the University, instructed the chancellors to issue the reports to him so he could make appropriate recommendations to the Board of Governors. The reports included information and recommendations from the chancellors regarding intercollegiate athletics at the universities, and emphasizing length of athletic seasons, number of contests, and recruitment practices.

On 6 November 1986, the trial court ordered that the reports be made available for public inspection. From the trial court's order compelling disclosure of the reports, appellants appeal.

Appellants petitioned this Court for a Writ of Supersedeas and a temporary stay pending appeal, which stay was granted by this Court on 7 November 1986. Before this Court could rule on the petition, appellants withdrew the petition and publicly disclosed the chancellors' reports in connection with appellant Spangler's final report to the Board of Governors.

*Lacy H. Thornburg, Attorney General, by Andrew A. Vanore, Jr., Chief Deputy Attorney General, Edwin M. Speas, Jr., Special Deputy Attorney General, and Laura E. Crumpler, Assistant Attorney General, for the State.*

*Tharrington, Smith & Hargrove, by Wade H. Hargrove, Michael Crowell, and Randall M. Roden, for plaintiff-appellees.*

JOHNSON, Judge.

We are met at the threshold with a problem of mootness. At issue was whether the chancellors' reports were public records under G.S. sec. 132-1 subject to disclosure. Appellants excepted to the trial court's finding that the records were made and received pursuant to law in connection with the transaction of public business by the University, a government agency, and that such records are therefore public and subject to disclosure. However, on 14 November 1986, appellants publicly disclosed the chancellors' reports that are the subject of this appeal. Thus, the issue before this Court was rendered moot by appellant publicly disclosing the chancellors' reports.

The doctrine of mootness applies:

[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the

commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action.

*In re Peoples*, 296 N.C. 109, 147-48, 250 S.E. 2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed. 2d 297 (1979) (citations omitted).

Applying the doctrine of mootness to the case *sub judice* we find that the question originally in controversy is no longer at issue. Thus, appellants' appeal is moot and this appeal is

Dismissed.

Judges ARNOLD and PARKER concur.