WILLIAM B. CRUMPLER, PLAINTIFF v. LACY H. THORNBURG, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF NORTH CAROLINA; F. K. HEINEMAN, IN HIS OFFICIAL CAPACITY AS CHIEF OF THE RALEIGH POLICE DEPARTMENT; MAJOR R. N. CARROLL, IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE RALEIGH POLICE DEPARTMENT; CAPTAIN J. S. CARROLL, IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE RALEIGH POLICE DEPARTMENT; AND SGT. F. D. McLAMB, IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE RALEIGH POLICE DEPARTMENT, DEFENDANTS

No. 8810SC354

(Filed 7 February 1989)

Appeal and Error § 9— declaratory judgment to permit picketing in front of Justice Building—moot question

An action seeking declaratory relief allowing plaintiff to picket on the sidewalk across from the Justice Building in Raleigh on the eve of an execution was moot where plaintiff received a temporary restraining order allowing him to picket on the eve of the execution and had neither been arrested nor refused another permit at the time of his summary judgment hearing, fourteen months later. The "capable of repetition, yet evading review" exception does not apply.

APPEAL by defendants from Battle, Judge, Order entered 15 December 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 5 December 1988.

Plaintiff is a licensed attorney who opposes the death penalty on moral and philosophical grounds. He serves on the Board of North Carolinians Against the Death Penalty. On 26 August 1987, plaintiff applied to defendants, members of the Raleigh City Police, for a permit to picket on the sidewalk of Morgan Street between the Capitol and the Justice Building on 18 September 1986, the eve of the execution of John Rook.

The permit was originally granted, but was voided about one week before the date of the proposed picket because the Raleigh Police believed that the proposed picket could be in violation of N.C.G.S. § 14-225.1 which prohibits picketing "with intent to interfere with, obstruct, or impede the administration of justice, or with intent to influence any justice or judge of the General Court of Justice . . . within 300 feet of an exit from any building housing any court of the General Justice. . . ."

Plaintiff instituted this action requesting a temporary restraining order, a preliminary and final injunction and declaratory relief regarding the constitutionality of N.C.G.S. § 14-225.1 as applied to plaintiff. Plaintiff maintains that he has a "First Amendment right to stand peacefully on the sidewalk across from the Justice Building in Raleigh with a sign expressing his views in opposition to capital punishment." He sought declaratory relief "to establish that right when threatened with arrest for carrying out such activity."

On 17 September 1986, Judge Donald L. Smith, presiding in Wake County Superior Court, issued a Temporary Restraining Order (TRO) restraining defendants from interfering with plaintiff's picket "for the sole reason that the plaintiff does not have the applicable permits issued by the Raleigh Police Department."

Fifty persons, including more than thirty attorneys, took part in the peaceful and dignified demonstration. The next day, John Rook was executed. There were no arrests made at the conclusion of the picket nor have there been any at any time since then. Plaintiff has not been denied a similar permit since that time. The TRO was dissolved on 22 September 1986.

Plaintiff filed a motion for summary judgment on 20 November 1987. The motion was heard by Judge Battle on 4 December 1987. The court granted plaintiff Declaratory Relief stating that

the plaintiff's "peacefully picketing with expressions of generalized opposition to the death penalty on the sidewalk across from the Justice Building in Raleigh is protected conduct under the North Carolina and United States Constitutions. Such conduct does not violate N.C.G.S. § 14-225.1." From this order defendants appeal.

*Thorp, Fuller & Slifkin, by James C. Fuller and Margaret E. Karr, for plaintiff appellee, for the North Carolina Civil Liberties Foundation.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General William P. Hart and Special Deputy Attorney General Christopher P. Brewer, for defendant appellants.*

ARNOLD, Judge.

In their first assignment of error defendants contend that the trial court was without jurisdiction to hear plaintiff's summary judgment motion because there was no actual or real existing controversy between the parties. We disagree. Rather we find that the case was moot at the time Judge Battle ruled on the summary judgment motion and should have been dismissed.

> Jurisdiction under the Declaratory Judgment Act, G.S. 1-253 et seq., may be invoked "only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute." *Lide v. Mears*, 231 N.C. 111, 56 S.E. 2d 404 . . . The existence of such genuine controversy between parties having conflicting interests is a "jurisdictional necessity." *Tryon v. Power*, 222 N.C. 200, 22 S.E. 2d 450.

*Greensboro v. Wall*, 247 N.C. 516, 519, 101 S.E. 2d 413, 416 (1958).

Plaintiff filed this action for Declaratory and Injunctive Relief on 17 September 1986 at a time when there was a genuine controversy between the parties. As the trial court noted in its Temporary Restraining Order dated 18 September 1986:

> Plaintiff will be injured irreparably if he does not receive a temporary restraining order as set forth herein in that, taking the allegations of the Complaint as true, he will be deprived of his freedom of speech and his right to assemble

Crumpler v. Thornburg

under the Federal and State Constitutions by being denied the opportunity to protest the death penalty before the execution of John Rook, which is scheduled for the morning of September 19, 1986.

"Once the jurisdiction of a court or administrative agency attaches, the general rule is that it will not be ousted by subsequent events." *In re Peoples*, 296 N.C. 109, 146, 250 S.E. 2d 890, 911 (1978), *cert. denied, Peoples v. Judicial Standards Commission of North Carolina*, 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed. 2d 297 (1979). However, "[u]nlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court . . . become moot at any time during the course of the proceedings, the usual response should be to dismiss the action." *Id.* at 148, 250 S.E. 2d at 912.

"In state courts the exclusion of moot questions . . . represents a form of judicial restraint." *Id.* [Citations omitted.] That "[j]udicial resources should be focused on problems which are real and present rather than dissipated or abstract, hypothetical or remote questions, is fully applicable to the Declaratory Judgment Act." *Adams v. Dept. of Natural and Economic Resources*, 295 N.C. 683, 703, 249 S.E. 2d 402, 414 (1978) [citations omitted], *accord Pearson v. Martin*, 319 N.C. 449, 355 S.E. 2d 496 (1987). A moot question is not within the scope of the Declaratory Judgment Act. *Morris v. Morris*, 245 N.C. 30, 95 S.E. 2d 110 (1956).

Plaintiff argues that this case still presents a live controversy because he intends to picket on the eve of future executions, should they occur, and that he needs declaratory relief in order to assure that he will be allowed permits for similar pickets. He fears that he and others could be subjected to prosecution for violating the statute. However, the grant of the TRO resolved plaintiff's concern that he would be unable to picket on the eve of the execution of John Rook. Plaintiff had neither been arrested nor had he been refused another permit to demonstrate at the time the summary judgment motion came before Judge Battle in December of 1987, more than fourteen months after plaintiff was granted the TRO for the September 1986 demonstration.

Plaintiff relies on *Jernigan v. State*, 279 N.C. 556, 184 S.E. 2d 259 (1971), for the proposition that the Declaratory Judgment Act is a valid tool to find an act unconstitutional "when it clearly appears either that property or fundamental human rights are denied in violation of constitutional guarantees." *Id.* at 562, 184 S.E. 2d at 264. We agree. But, even this principle cannot override policy reasons which mandate judicial restraint in moot cases.

Without present genuine controversy a case that may once have been alive becomes moot. *In re Peoples; Benz v. Compania Naviera Hildalgo, S.A.*, 205 F. 2d 944 (1953) (court declined review characterizing the case as moot because it called for a rule to control conduct based on speculative assumptions). *See Adams v. Dept. of Natural and Economic Resources*, 295 N.C. 683, 703, 249 S.E. 2d 402, 414 (1978) (plaintiffs anticipated that all applications for development permits would be denied).

However, a case which is "capable of repetition, yet evading review" may present an exception to the mootness doctrine. *Leonard v. Hammond*, 804 F. 2d 838, 842 (4th Cir. 1986), *citing Southern Pacific Terminal v. ICC*, 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 2d 310 (1911). There are two elements required for the exception to apply:

> (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.

*Id.* Our research reveals that the "capable of repetition, yet evading review" exception commonly employed in federal cases otherwise moot has been recognized in North Carolina in the single case of *In re Jackson*, 84 N.C. App. 167, 352 S.E. 2d 449 (1987). In *Jackson*, a district court order required a school board to provide schooling for a student who had been suspended for the duration of the school year as a result of an assault. *Id.* The case did not come before this Court until after the school year was completed. Recognizing the case as moot, this Court invoked the "capable of repetition, yet evading review" exception because:

> Children involved in delinquency proceedings are frequently guilty of misconduct at school and thus subject to school board [and District Court] disciplinary proceedings. . . . Until

the conflict between a school system's right to suspend students for misconduct and the juvenile court's authority to fashion sensitive and appropriate dispositions . . . is resolved, it is not improbable that . . . local school boards will be repeatedly subject to orders like the one in the case *sub judice.* Because the suspension . . . can never be longer than the balance of the school year, the effect of an order overriding a suspension may always be too short a duration to allow full litigation of the issues prior to its expiration. Consequently, we exercise our discretion to decide the issues presented.

*Id.* at 171, 352 S.E. 2d at 452.

We do not find that this case presents as likely a possibility that the same complaining party would be subject to the same action again. It has been more than two years since plaintiff filed this suit and he has yet to be arrested or refused a permit for a similar demonstration. The case is moot now and was moot at the time it was before Judge Battle.

For the reasons explained the order of the trial court is vacated and the appeal is dismissed.

Vacated and dismissed.

Chief Judge HEDRICK and Judge ORR concur.