GERALDINE BALLARD, FOR HERSELF AND AS GUARDIAN AD LITEM FOR ROMIQUE INGRAM, AND HELEN POTTER, FOR HERSELF AND AS GUARDIAN AD LITEM FOR BLAINE TRIVETT, BOTH INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED, PLAINTIFFS v. JERRY D. WEAST, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF THE GUILFORD COUNTY PUBLIC SCHOOLS, AND THE GUILFORD COUNTY BOARD OF EDUCATION, A CORPORATION, DEFENDANTS

No. COA94-1328

(Filed 16 January 1996)

**Appeal and Error § 166 (NCI4th)— challenge to school admission policy—changes in residence and age—issues moot**

Plaintiffs' challenge to the school admission policy of the Guilford County Schools was moot where one child's mother moved to Guilford County while the action was pending and so the child became eligible to attend Guilford County schools, and the other child attained the age of eighteen while the suit was pending and so could establish domicile in Guilford County independent of the residence of his parents.

**Am Jur 2d, Appellate Review §§ 640-645.**

Appeal by plaintiffs from orders entered 18 October 1994 by Judge Peter M. McHugh in Guilford County Superior Court. Heard in the Court of Appeals 3 October 1995.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague and Brenda F. Bergeron, for plaintiffs-appellants.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice, and Brooks, Pierce, McLendon, Humphrey & Leonard, by Jill R. Wilson, for defendants-appellees.*

LEWIS, Judge.

In this case, plaintiffs seek to challenge the school admissions policy of the Guilford County Schools.

On 19 April 1993, The Guilford County Board of Education adopted a policy ("April policy") which provides that the Guilford County Schools ("Schools") will furnish a tuition free education to otherwise qualified students "residing" in the school district. Under this policy, "the residence of students under 18 years of age is the permanent residence of the parents, legal guardian, or legal custodian as defined by the General Statutes of North Carolina." On 16 November 1993, The Guilford County Board of Education revised this policy by, *inter alia,* substituting the term "domiciled" for "residing" and by adding a provision that allows discretionary tuition free admission of non-domiciled students who demonstrate extraordinary financial hardship ("November policy"). Under both versions of the policy, students 18 years of age or older may establish a residence (April policy) or domicile (November policy) independent of that of their parents, legal guardian, or legal custodian.

In the fall of 1993, two minors, Romique Ingram and Blaine Trivett, were denied tuition free admission to the Schools because they did not reside in Guilford County pursuant to the Schools' policy (April policy). On 6 September 1993 Romique moved from her home in Massachusetts, where her mother lived, and began living with her aunt, Geraldine Ballard. When she tried to enroll in Ferndale Middle School, she was denied admission unless her aunt, Ms. Ballard, obtained legal custody or legal guardianship, or unless she paid tuition. Sometime prior to 4 August 1994, Romique's mother moved from Massachusetts to Guilford County.

On 1 October 1993, Blaine Trivett moved out of his mother's home in Davidson County, North Carolina, and began living with his grandmother, Helen Potter, in High Point, North Carolina. On 4 October 1993, he tried to enroll in High Point Central High School in Guilford County but was denied admission because he did not reside in

Guilford County pursuant to the Schools' admission policy (April policy). He was advised that he could not attend unless his grandmother was appointed as his legal custodian or legal guardian.

On 20 September 1993, Geraldine Ballard filed this action on behalf of her niece Romique Ingram. By amended complaint filed on 13 October 1993, Helen Potter, on behalf of her grandson Blaine Trivett, was added as a plaintiff. Pursuant to consent agreements executed by the parties, both Romique and Blaine were temporarily admitted to the Schools, without paying tuition, until the resolution of this case on its merits or until circumstances changed. Both plaintiffs and defendants moved for summary judgment, and a hearing on these motions was held during the 9 September 1994 civil session of superior court. By orders entered 18 October 1994, Judge Peter M. McHugh denied plaintiffs' motion for summary judgment and granted summary judgment to defendants. Plaintiffs appeal.

Plaintiffs assign error to the court's summary judgment ruling. They assert that the Schools' notice procedures and admissions policy violate their rights under our federal and state constitutions. Plaintiffs also contend that N.C.G.S. section 115C-366.1 does not permit schools to charge tuition to students who reside in the school district. They further assert that N.C.G.S. section 115C-366 should be construed to permit minors to rebut the presumption that their domicile is that of their parents, legal guardian, or legal custodian.

Defendants contend that plaintiffs' claims are moot. We agree. The exclusion of moot questions in North Carolina state courts is a principle of judicial restraint. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). This principle applies as follows:

> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*Id.*

Romique Ingram's claims are moot because she now resides (April policy) and is domiciled (November policy) in Guilford County in accord with the Schools' policy. Under the policy, Romique's residence (April policy) or domicile (November policy) is that of her mother. Her mother moved from Massachusetts to Guilford County

**BALLARD v. WEAST**

[121 N.C. App. 391 (1996)]

after this suit was filed. Because of her mother's move, Romique now is entitled to attend Guilford County Schools without paying tuition.

Because he is no longer a minor, Blaine Trivett's claims are also moot. In his deposition he stated that his birthday was 6 October 1976. He turned eighteen (18) on 6 October 1994, twelve days before the summary judgment orders were entered in this case, and he is now 19 years old. Once a person turns eighteen, he is no longer a minor. N.C.G.S. § 48A-2 (1984). Under the November policy, a student who is eighteen or older may establish a domicile independent of his or her parents, legal guardian, or legal custodian. Thus, under this policy, Blaine is entitled to establish his domicile in Guilford County, regardless of where his parents live. He would be similarly entitled if the April policy were still in effect because that policy permitted students 18 years of age or older to establish a "residence" independent of their parents, legal guardians, or legal custodians. Under either version of the policy, his claims are now moot.

Of course, cases which are technically moot may be considered if they are " 'capable of repetition yet evading review.' " *In re Jackson*, 84 N.C. App. 167, 170-71, 352 S.E.2d 449, 452 (1987). Such cases are distinctive in that

> (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.

*Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711 (1989) (quoting *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986)), *disc. review denied*, 324 N.C. 543, 380 S.E.2d 770-71 (1989).

Romique's and Blaine's claims are not capable of repetition yet evading review. If Romique's mother had not moved to Massachusetts, her case would probably not be moot because of her age because she was only 14 when this action was filed. Thus, in cases like hers, the challenged action is not necessarily too short in its duration to be fully litigated prior to its cessation or expiration. Further, her problem is not likely to recur because her mother has moved to Guilford County.

The fact that Blaine turned eighteen during the pendency of this action does not make his case capable of repetition yet evading review. A younger plaintiff would have had ample time to prosecute the action, including any appeals. Since he is no longer a minor, it is

BALLARD v. WEAST

[121 N.C. App. 391 (1996)]

also not possible that Blaine will be subjected to the same action again.

Not only are plaintiffs' claims moot now, but they were moot when the summary judgment orders were entered on 18 October 1994. Romique's claims were moot before the summary judgment hearing held during the 9 September 1994 session. The record shows that Romique's mother moved to Guilford County sometime before 4 August 1994, prior to the September 1994 summary judgment hearing. Blaine turned eighteen (18) on 6 October 1994, twelve days before the court's order was entered on 18 October 1994. Thus, at the time the summary judgment order was entered, the claims of both Romique and Blaine were moot and the cases should have been dismissed at that time.

For the reasons stated, the summary judgment order is vacated and the appeal is dismissed.

Judges WYNN and MARTIN, Mark D. concur.