SHELL ISLAND HOMEOWNERS ASSOCIATION, INC., A North Carolina non-profit corporation, Plaintiff v. EUGENE B. TOMLINSON, Chairman North Carolina Coastal Resources Commission; NORTH CAROLINA COASTAL RESOURCES COMMISSION; DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES FOR THE STATE OF NORTH CAROLINA; and STATE OF NORTH CAROLINA, Defendants

No. COA98-1197

(Filed 20 July 1999)

### 1. Jurisdiction— subject matter—mootness

The trial court did not err by granting defendants' motion to dismiss for lack of subject matter jurisdiction under N.C.G.S § 1A-1, Rule 12(b)(1) where the essence of the relief sought by plaintiff was a determination that the denial of plaintiff's requests for variances under N.C.G.S.§ 113A-123(b) effected a regulatory taking of plaintiff's property, but the granting of plaintiff's fourth variance request rendered moot the issues relating to the earlier variance requests.

### 2. Appeal and Error— preservation of issues—argument first raised on appeal

Plaintiff's argument that the physical invasion of its property by inlet waters constituted a taking was not considered where the argument was raised for the first time on appeal. Plaintiff based its claims on the denial of its variance requests; a compensable taking based on a theory of physical invasion is an altogether separate category of regulatory taking.

### 3. Constitutional Law— arguments hypothetical and abstract—not considered

Plaintiff's constitutional arguments relating to the denial of variances for hardened coastal erosion control structures were hypothetical and abstract in the context of the dispute and were not ruled upon.

### 4. Appeal and Error— mootness—exception—capable of repetition yet evading review

The trial court properly dismissed as moot claims arising from the denial of variances to coastal erosion regulations following the eventual granting of a variance where plaintiff argued that the claims fell within the exception to mootness commonly known as capable of repetition yet evading review. There was no

SHELL ISLAND HOMEOWNERS ASS'N v. TOMLINSON

[134 N.C. App. 286 (1999)]

evidence that plaintiff's grievances evaded review; to the contrary, plaintiff has had ample opportunity to seek review through CAMA and the APA.

## 5. Appeal and Error— mootness—exception—voluntary cessation of illegal conduct

The trial court properly dismissed as moot claims arising from the denial of variances to coastal erosion regulations where a variance was eventually granted and plaintiff argued that its claims fell within the exception to mootness for cases in which a defendant voluntarily ceases its illegal conduct during the pendency of the appeal. Rather than ceasing an illegal practice, defendants have continually and consistently enforced CAMA regulations with respect to erosion control structures.

## 6. Jurisdiction— subject matter—claim included in general motion

The trial court did not err by dismissing a claim for relief added in an amendment where the dismissal was pursuant to a motion "to dismiss the above captioned action pursuant to Rule 12(b)(1) . . . ." The motion was addressed to all of the claims alleged in plaintiff's original and amended complaints; moreover, subject matter jurisdiction may be raised at any time, even on appeal.

## 7. Civil Procedure— consolidation of actions—denial not prejudicial

No prejudice resulted to plaintiff from the allegedly premature denial of its motion to consolidate actions where the trial court properly dismissed the claims in this action as moot.

Appeal by plaintiff from order entered 12 August 1998 by Judge James D. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 11 May 1999.

*Shanklin & McDaniel, L.L.P., by Kenneth A. Shanklin and Susan J. McDaniel, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General J. Allen Jernigan and Special Deputy Attorney General Robin W. Smith, for defendant-appellees.*

MARTIN, Judge.

Plaintiff Shell Island Homeowners Association, Inc., is an association of all unit owners of the Shell Island Resort Hotel Condominium located at the north end of Wrightsville Beach, North Carolina, just south of Mason's Inlet. Plaintiff filed this action on 7 November 1996 against Eugene B. Tomlinson, Chairman of the North Carolina Coastal Resources Commission, the North Carolina Coastal Resources Commission ("CRC"), the Department of Environment, Health, and Natural Resources for the State of North Carolina ("DEHNR"), and the State of North Carolina (hereinafter collectively "defendants"), challenging the constitutionality of regulations within the Coastal Area Management Act, G.S. § 113A-100, *et seq.*, ("CAMA") pertaining to the construction of erosion control structures, and claiming that defendants' denials of plaintiff's requests to build erosion control structures constitutes a taking of plaintiff's property without just compensation.

The facts pertinent to the issues on appeal are as follows. On 25 May 1985, the State of North Carolina, through a local permitting officer, issued a CAMA Minor Development Permit to plaintiff's predecessor for construction of the Shell Island hotel. However, issuance of the permit was based on an error in the location of the regulatory construction line on Wrightsville Beach, and the hotel, which exceeded development standards under CAMA's Inlet Hazard Areas of Environmental Concern, should not have been built at the permitted location. At the time the CAMA permit was issued, the CRC had already adopted regulations prohibiting the use of hardened erosion control structures on ocean and inlet beaches, and the hotel's CAMA permit specifically noted the restrictions on use of such structures.

Since the hotel's construction, Mason's Inlet has migrated to the south, causing the shoreline around Shell Island to erode. On 25 September 1995 plaintiff applied for a CAMA Minor Development Permit to erect a steel sheetpile inlet migration barrier to protect its property from the waters of Mason's Inlet. The Division of Coastal Management ("DCM") denied the permit, and on 27 October 1995 plaintiff applied to the CRC for a variance from the size limitations in the regulations pursuant to G.S. § 113A-120.1 and 15A NCAC 7J.0700, *et seq.* The CRC denied the variance request on 6 February 1996. On 12 June 1996 New Hanover County, as agent for plaintiff, applied for an emergency CAMA general permit to construct a temporary sandbag revetment on private property located adjacent to Mason's Inlet.

The DCM denied the request, and again, on 5 August 1996 the CRC denied the county's request for a variance from the application of the erosion control structure regulations.

On 30 August 1996, New Hanover County and the Town of Wrightsville Beach, acting as agents for plaintiff, jointly submitted an emergency CAMA permit application to construct a slightly smaller sandbag revetment on private property. The redesigned revetment still exceeded dimensions allowed under the regulations, and the permit was denied. On 5 September 1996 a variance from the regulations was sought, and by final order dated 10 October 1996, the CRC denied the request. Plaintiff did not seek administrative review of any of the agency decisions denying permits or variances, but filed the present action in the Superior Court of New Hanover County on 7 November 1996 seeking (1) a declaration that the statutory remedy for a regulatory takings claim under CAMA, G.S. § 113A-123(b), is unconstitutionally vague and denies plaintiff due process; (2) alternatively, a judgment pursuant to G.S. § 113A-123(b) that the CRC's 5 August 1996 denial of plaintiff's variance request for construction of a sandbag revetment constitutes a taking without just compensation; and (3) a declaration that CAMA regulations pertaining to the construction of erosion control structures for the protection of private property are unconstitutional. On 6 January 1997, plaintiff amended its complaint to include a fourth claim for relief, alleging that the CRC's denial, on 10 October 1996, of the 5 September 1996 variance request was also a taking of plaintiff's property without just compensation.

On 20 December 1996, in response to defendants' consistent recommendations that plaintiff reduce the size and scope of its permit applications for a sandbag revetment such that the revetment would not, in effect, act like a permanent hardened structure prohibited by CRC rules, plaintiff submitted an emergency permit application for construction of a smaller and re-engineered revetment. This was the first CAMA permit application which proposed that the revetment be at least partially located on hotel property. Following denial of the permit by the DCM, plaintiff applied for a variance, and on 4 February 1997 the CRC granted plaintiff's variance request. Construction of the 410-foot sandbag revetment was completed on 17 September 1997 and currently protects the hotel. Under the terms of the CAMA permit the revetment must be removed in September 1999.

On 31 October 1997 defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil

Procedure on the grounds that the granting of plaintiff's variance request has mooted plaintiff's claims. Plaintiff moved to consolidate this case with another action pending in the Superior Court of New Hanover County, case no. 98 CvS 38, in which plaintiff and others seek declaratory, injunctive, and monetary relief from defendants. On 12 August 1998, the trial court entered an order denying plaintiff's motion to consolidate and granting defendants' motion to dismiss all of plaintiff's claims as moot. Plaintiff appeals.

---

[1] The dispositive issue is whether the trial court erred by granting defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on the grounds that plaintiff's claims are moot. Subject matter jurisdiction is a prerequisite for the exercise of judicial authority over any case or controversy. *Harris v. Pembaur*, 84 N.C. App. 666, 353 S.E.2d 673 (1987). "Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law." *Simeon v. Hardin*, 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994) (citing *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978)). "If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action." *Id.* "The issue of mootness is not determined solely by examining facts in existence at the commencement of the action." *North Carolina Press Ass'n, Inc. v. Spangler*, 87 N.C. App. 169, 170-71, 360 S.E.2d 138, 139 (1987) (citing *Peoples*, 296 N.C. at 147-48, 250 S.E.2d at 912).

The essence of the relief sought by plaintiff in this action is a determination that defendants' denials of plaintiff's requests for variances under G.S. § 113A-123(b) have effected a regulatory taking of plaintiff's property. Plaintiff's second and fourth claims for relief allege that the CRC's 5 August 1996 and 10 October 1996 denials of plaintiff's variance requests, respectively, deprive plaintiff of the practical use of its land, thereby constituting a taking. Plaintiff's first and third claims for relief seek declaratory rulings as to the constitutionality of the statute involved.

The action of the CRC on 4 February 1997, granting plaintiff's fourth variance request, renders moot the issues relating to the earlier variance requests. Plaintiff sought variances to construct an erosion control structure, plaintiff was granted permission to construct

such a structure, and did in fact, complete construction of the revetment on 17 September 1997. Issuance of the variance provided plaintiff with the relief originally sought in the complaint.

[2] Plaintiff argues that the physical invasion of its property by inlet waters during the time period in which its variance requests were denied constitutes a compensable taking, a claim that was not mooted by the granting of the subsequent variance. Plaintiff makes this constitutional argument for the first time on appeal, however, and will not be allowed to do so. *See Croker v. Yadkin, Inc.*, 130 N.C. App. 64, 502 S.E.2d 404, *disc. review denied*, 349 N.C. 355, —— S.E.2d —— (1998) (citation omitted) (where record does not affirmatively indicate constitutional issue was both raised and passed upon in the trial court, appellate court will not consider the claim for the first time on appeal). Here, in both its original and amended complaints, plaintiff based its claims of a compensable taking on defendants' denial of its variance requests. Plaintiff alleged that such denials restricted "the use of [p]laintiff's property as to deprive it of the practical uses thereof." But, a compensable taking based on a theory of physical invasion is an altogether separate category of regulatory takings. *See King By and Through Warren v. State*, 125 N.C. App. 379, 385, 481 S.E.2d 330, 333-34, *disc. review denied*, 346 N.C. 280, 487 S.E.2d 548 (1997) (citing *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 120 L.Ed.2d 798 (1992)) ("[T]here are two separate categories of regulatory action that require a finding of a compensable taking: regulations that compel physical invasions of property and regulations that deny an owner all economically beneficial or productive use of property."). Neither plaintiff's original complaint nor its amended complaint allege facts sufficient to support a claim of taking by physical invasion. Because the issue was not before the trial court, we will not consider it on appeal. *See Croker, supra.*

[3] The granting of a variance for, and subsequent construction of, the revetment, which is the relief sought in plaintiff's complaint, has rendered moot the substance of this action. The constitutional arguments contained in plaintiff's remaining claims for relief are hypothetical and abstract in the context of this dispute, and we therefore will not rule upon them. *See Alford v. Davis*, 131 N.C. App. 214, 218, 505 S.E.2d 917, 920 (1998) (citation omitted) ("Courts have no jurisdiction to determine matters that are speculative, abstract, or moot, and they may not enter anticipatory judgments, or provide for contingencies which may arise thereafter.").

**[4]** Plaintiff argues, in the alternative, that its claims fall within two established exceptions to the doctrine of mootness. First, plaintiff argues that the claims fall within the exception to mootness commonly known as "capable of repetition yet evading review." An otherwise moot claim falls within this exception where "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Ballard v. Weast*, 121 N.C. App. 391, 394, 465 S.E.2d 565, 568, *disc. review denied*, 343 N.C. 304, 471 S.E.2d 66 (1996) (citing *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711 (1989)). Plaintiff argues that the same controversy not only is likely to arise again, but did in fact arise again in the form of the related action with which it sought to consolidate this case.

Assuming *arguendo* that the claims are capable of repetition, there is no evidence to suggest that plaintiff's grievances have evaded review. To the contrary, plaintiff has had ample opportunity to seek review of any of the denials of its permit requests through CAMA and the Administrative Procedure Act ("APA"). Under CAMA § 113A-121.1, plaintiff could have, but did not, file for a contested case hearing under the APA, G.S. § 150B-23, within 20 days of any of the permit denials, thereby obtaining an administrative hearing in which a full record could have been developed to determine whether "the agency (1) exceeded its authority or jurisdiction, (2) acted erroneously, (3) failed to use proper procedure, (4) acted arbitrarily or capriciously, or (5) failed to act as required by law or rule." N.C. Gen. Stat. § 150B-23. Moreover, plaintiff could have, but did not, seek relief by alleging a regulatory taking pursuant to G.S. § 113A-123(b). In addition, plaintiff could have, but did not, seek a hearing on its application for a variance pursuant to G.S. § 113A-120.1, instead choosing to accept the variance for, and complete construction of, the smaller revetment. Where plaintiff has failed to seek review of its claims, voluntarily accepted the variance, and simply filed an action in superior court over two years after the denial of the original permit, it may not now assert that its claims have evaded effective review.

**[5]** Plaintiff also argues that its claims fall within an exception to mootness "which provides for review of cases where a defendant voluntarily ceases its illegal conduct during the pendency of the appeal." *Thomas v. North Carolina Dept. of Human Resources*, 124 N.C. App. 698, 706, 478 S.E.2d 816, 821 (1996), *affirmed*, 346 N.C. 268, 485 S.E.2d 295 (1997) (citing *Quern v. Mandley*, 436 U.S. 725, 731-32, 56

L.Ed.2d 658, 665-66 (1978)). "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a . . . court of its power to determine the legality of the practice." *Id.* (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 71 L.Ed.2d 152, 159 (1982)).

Plaintiff asserts that defendants' granting of the variance for the sandbag revetment constitutes a "voluntary cessation of the State's illegal practice of enforcing the hardened structure rule," enabling defendants to "cease the offending practices in time to avoid meaningful review, and then be free to return to their old ways." It is clear, however, that rather than ceasing an illegal practice, defendants have continually and consistently enforced CAMA regulations with respect to erosion control structures, both before and throughout the duration of the present litigation. The trial court correctly dismissed plaintiff's action for lack of subject matter jurisdiction on the grounds that all claims are moot.

[6] In a separate assignment of error, plaintiff contends its fourth claim for relief was erroneously dismissed because defendants' motion neither specifically addressed the claim nor sought its dismissal. We disagree. Defendants' motion to dismiss, filed 31 October 1997 after plaintiff had amended its complaint to add the fourth claim for relief, sought "to dismiss the above-captioned action pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure on the grounds that Plaintiff's claims are moot;" defendants prayed for "an order dismissing Plaintiff's claims as moot." Clearly, the motion was addressed to all of the claims alleged in plaintiff's original and amended complaints. Moreover, "the question of subject matter jurisdiction may be raised at any time, even on appeal." *Transcontinental Gas Pipe Line Corp. v. Calco Enter.*, 132 N.C. App. 237, 241, 511 S.E.2d 671, 675 (1999) (citing *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 350 S.E.2d 83, *reh'g denied*, 318 N.C. 704, 351 S.E.2d 736 (1986)). " 'If a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case . . . .' " *Id.* (quoting *McAllister v. Cone Mills Corp.*, 88 N.C. App. 577, 579, 364 S.E.2d 186, 188 (1988)). This assignment of error is overruled.

[7] Finally, our decision to affirm the order dismissing plaintiff's claims as moot renders it unnecessary to consider plaintiff's final argument directed to the denial of its motion to consolidate this action with the related action then pending in New Hanover County

Superior Court. Even if the trial court's denial of the motion to consolidate was premature as contended by plaintiff, *see Oxendine v. Catawba County Dept. of Social Services,* 303 N.C. 699, 281 S.E.2d 370 (1981), no prejudice has resulted to plaintiff in view of our decision.

The trial court's order dismissing this action is affirmed.

Affirmed.

Judges GREENE and WYNN concur.