J.S.W., D.W. & G.W. v. LEE CTY. BD. OF EDUC.

[167 N.C. App. 101 (2004)]

═══════════

J.S.W., A MINOR, D.W. AND G.W., PETITIONERS v. LEE COUNTY BOARD OF EDUCATION, RESPONDENT

No. COA03-1619

(Filed 16 November 2004)

**Appeal and Error; Schools and Education— mootness—school suspension**

Respondent board of education's appeal from the trial court's order reversing the board's imposition of a long-term suspension of petitioner from high school for drug possession is dismissed as moot, because: (1) petitioner's suspension was for the remainder

of the 2002-2003 school year and that school year has now ended; (2) even if the Court of Appeals were to reverse the decision of the court, the board would have no authority to resuspend petitioner when N.C.G.S. § 115C-391(c) provides that schools in our state are authorized to suspend students for periods of times in excess of ten school days not exceeding the time remaining in the school year; and (3) respondent failed to show an exception to the mootness doctrine when the issues concern evidence particular to this case and are thus not capable of repetition.

Appeal by respondent from order entered 17 July 2003 by Judge Ripley E. Rand in the Superior Court in Lee County. Heard in the Court of Appeals 15 September 2004.

*Staton, Perkinson, Doster, Post & Silverman, by Norman C. Post, for petitioner-appellees.*

*Love & Love, P.A., by Jimmy L. Love, Sr., for respondent-appellant.*

HUDSON, Judge.

On 18 October 2002, superintendent Dr. Barry L. Aycock ("Dr. Aycock") suspended petitioner J.S.W. from Lee County Senior High School for the remainder of the 2002-2003 school year. On 25 November 2002, respondent Lee County Board of Education ("the Board") affirmed the superintendent's decision to impose a long-term suspension. Petitioners filed a petition for judicial review, and on 17 July 2003, Superior Court Judge Ripley E. Rand entered an order reversing the order of the Board and remanding the matter to the Board for further action. The Board appeals. For the reasons discussed below, we dismiss this appeal as moot.

On 11 October 2002, J.S.W. was a sophomore at Lee County Senior High School in Sanford, North Carolina. Teachers discovered two bags of white powder in J.S.W.'s possession, which the State Bureau of Investigation later determined contained some amount of cocaine. Assistant Principal Gregory D. Batten ("Batten") imposed a ten-day out-of-school suspension and recommended that J.S.W. be considered for suspension for the remainder of the school year. That same day, J.S.W. and his mother, along with Batten, signed an agreement indicating their intention to enroll in an approved program, the Saving Families Through Education ("SAFTE") program.

**J.S.W., D.W. & G.W. v. LEE CTY. BD. OF EDUC.**

[167 N.C. App. 101 (2004)]

On 18 October 2002, Dr. Aycock notified J.S.W. and his parents by letter that J.S.W. would be suspended for the remainder of the school year. On 24 October 2002, petitioners notified the Board that they planned to appeal J.S.W.'s suspension, and asked Dr. Aycock to reconsider his decision. On 29 October 2002, Dr. Aycock responded by letter, reaffirming his decision. On 13 November 2002, petitioners requested a hearing before the Board. At a 22 November 2002 hearing, petitioners gave testimony and presented evidence. On 25 November 2002, the Board affirmed Dr. Aycock's decision to suspend J.S.W. for the remainder of the school year.

On 3 December 2002, petitioners filed a petition for judicial review of the Board's decision. Following a hearing, the court entered an order reversing the Board's imposition of the long-term suspension on J.S.W.

Two documents set out the disciplinary options here. First, pursuant to the Lee County Schools Code of Conduct, first-time offenders, like J.S.W., can avoid long-term suspension by agreeing to participate in an approved alternative drug education program. Rule 11 of the Code of Conduct states that:

> Violation of this rule shall result in school disciplinary action, which shall be, at a minimum, long-term suspension and may result in expulsion. However, a student and parent or guardian agreement to participate in an alternative drug education program shall result in modification of the disciplinary action. Satisfactory completion of an administratively approved education program shall result in a reduction of the suspension for the first offense

Also, the Lee County Senior High School Handbook section on Level II Disciplinary Action Severe Infractions provides:

> If the student, with the parent or guardian, agree to participate in an alternative drug/alcohol education program, the principal may modify disciplinary action. Satisfactory completion of an administratively approved education program will result in a 10 day suspension for the first offense, and a subsequent offense will result in long term suspension.

J.S.W. and his parents first argue that this issue is moot and that appellate review is not appropriate. Our Supreme Court has held that:

[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912, *cert. denied*, *Peoples v. Judicial Standards Comm.*, 442 U.S. 929, 61 L. Ed. 2d 297, 99 S. Ct. 2859 (1979) (citations omitted). Here, J.S.W.'s suspension was for the remainder of the 2002-2003 school year, and that school year has now ended. Schools in our state are authorized to suspend students "for periods of times in excess of 10 school days but not exceeding the time remaining in the school year. . . ." N.C. Gen. Stat. § 115C-391(c) (2001). Thus, even were we to reverse the decision of the court below, the Board would have no authority to re-suspend J.S.W.

However, even when an issue is moot, we will consider the merits if the issue is "capable of repetition yet evading review." *In Re Jackson*, 84 N.C. App. 167, 171, 352 S.E.2d 449, 452 (1987) (holding that N.C. Gen. Stat. § 115C-391 did not limit a school board's right to suspend students who were under the juvenile court's jurisdiction and that the Juvenile Code contained no legislatively granted authority to interfere with a school's disciplinary procedures). To apply this exception to the mootness doctrine, petitioners must show that the challenged action is "in its duration too short to be fully litigated prior to its cessation or expiration" and that there is a reasonable expectation that the same issue would arise again. *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711 (citation omitted), *disc. review denied*, 324 N.C. 543, 380 S.E.2d 770 (1989). We conclude that this exception does not apply here.

In its first two arguments, respondent contends that the court erred (1) in concluding that J.S.W.'s suspension was not supported by substantial evidence, and (2) in finding that the suspension was arbitrary and capricious. These two issues concern only the evidence peculiar to this case, and thus are not "capable of repetition."

Respondent next argues that the court erred as a matter of law in imposing a long-term suspension on J.S.W. despite his completion of the SAFTE program. Respondent contends that the Lee County Senior High School Handbook provision quoted above gives the principal and Board discretion to modify or not modify a first-

time offender's long-term suspension following completion of the SAFTE program, while the Code of Conduct does not. As we have concluded that this appeal is moot, we decline to address the merits of this argument.

Dismissed.

Judges TYSON and BRYANT concur.